FILED

2009 APR -6 AM 11: 51

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHERINE M. ANDRADE, on her
own behalf and others similarly
situated,

    Plaintiff,

vs.

CASE NO.:

2:09-cv-200-FtM-99SPC

JONES NEW YORK d/b/a JONES RETAIL
CORPORATION, a foreign corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, Catherine M. Andrade ("Andrade"), was an employee of Defendant, JONES NEW YORK, ("JONES NEW YORK"), and brings this action for unpaid compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C § 216(b) (the "FLSA"). Plaintiff worked as a non-exempt Store Manager for JONES NEW YORK and performed activities for Defendant in Collier County Florida.

2.    Defendant, JONES NEW YORK, is a foreign corporation that operates and conducts business in Collier County, Florida and is therefore, within the jurisdiction of this Court. Moreover, all causes of action set forth herein accrued within the jurisdiction of this Court.

3.    This action is brought under the FLSA to recover from Defendant compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every non-exempt "Store Manager" (or other similar

position or title) who worked for the Defendant at any time within the past three (3) years within the State of Florida.

4. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C, § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to her, for overtime hours worked during employment.

7. During her employment with Defendant, Plaintiff, and those similarly situated to her, were not properly paid for overtime time hours worked.

8. Upon information and belief, the records to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff, and others similarly situated to her, are in the possession and custody of Defendant.

## RECOVERY OF COMPENSATION

9. Plaintiff re-alleges paragraphs 1-8 as if fully set forth herein.

10. Plaintiff, and those similarly situated to her, were entitled to be paid for overtime hours worked during employment with Defendant.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all hours worked for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court deems just and proper.

*[Signature]*

Bradley P. Rothman
Florida Bar No. 0677345
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
Email: brothman@weldonrothman.com
Counsel for Plaintiff